UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michella McCartney, et al.,            Case No. 3:24-cv-1651

       Plaintiffs,

v.                                                ORDER

Speedway Trans Express Inc., et al.,

       Defendants.

On September 26, 2024, Plaintiffs filed their Complaint. (Doc. No. 1). But this case has not yet begun in earnest as the majority of the Defendants remain unserved. To address this issue and other outstanding matters in this case, I now order the following:

1.) By April 25, 2025, Plaintiffs shall either show service has been perfected on the following Defendants or show cause for the failure to do so: Speedway Trans Express Inc.; Kuthala; KG dba Kuthala Group; Jagdeep Singh Chohan; Can-Ex Group Logistics, Inc.; and Vault Credit Corporation. In ordering as much, I am mindful that the 90-day time limit for service does not apply because these Defendants consist of an individual and multiple business entities in Canada. *See* Fed. R. Civ. P. 4(f), (h)(2), & (m). Even so, "'[b]ecause district courts need to be able to control their dockets, ... the amount of time allowed for foreign service is not unlimited.'" *Spencer v. Caracal Int'l, LLC*, No. 2:21-cv-00005, 2021 WL 1341237, at *2 (M.D. Tenn. Apr. 9, 2021) (quoting *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005)); *see e.g., Trisura Specialty Ins. v. Gavita N. Am.*, No. 21-12427, 2022 WL 2161483, at *2 (E.D. Mich. June 15, 2022) (same).

2.)  By April 25, 2025, Plaintiffs shall show cause why this case should not be dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b) as to Defendant Allstate Insurance Company.  The docket indicates Allstate was served on November 15, 2024.  (Doc. No. 15).  But to date, Allstate has not filed any response to the Complaint.  While it appears Allstate has been in default for more than three months, Plaintiffs have taken no action.

3.)  Because Direct General Insurance Company filed an Answer to State Farm Insurance's crossclaim, (Doc. No. 22), State Farm Insurance cannot unilaterally voluntarily dismiss the claim as it seeks to do.  (Doc. No. 23).  *See* Fed. R. Civ. P. 41(a)(1).  Nevertheless, because Direct General has filed nothing by way of opposition to State Farm's proposed voluntary dismissal, I consider it unopposed.  Accordingly, pursuant to Rule 41(a)(2), I grant State Farm's request to dismiss its crossclaim against Direct General without prejudice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge