UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michella McCartney, et al.,            Case No. 3:24-cv-1651

       Plaintiffs,

v.            ORDER

Speedway Trans Express Inc., et al.,

       Defendants.

Before me are several filings made in response to my March 18, 2025 Order. I will address each, in turn.

**A.   MOTIONS FOR DEFAULT**

Plaintiffs have filed two motions for default judgment under Federal Rule 55(b). (Doc. Nos. 28 and 30). With these motions, Plaintiffs seek default judgment of their claims against Defendant Allstate Insurance Company, (Doc. No. 28), and Defendants KG dba Kuthala Group and Vault Credit Corporation. (Doc. No. 30).

Rule 55 provides the two-step process a plaintiff must follow to obtain a default judgment. Fed. R. Civ. P. 55. The plaintiff must first obtain an entry of default from the clerk by showing "by affidavit or otherwise" that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Only after the clerk has entered default can the plaintiff obtain a default judgment under Rule 55(b). *See* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (4th ed. April 2025 update); *see also Devlin v. Kalm*, 493 F. App'x 678, 685-86 (6th Cir. 2012) ("[I]t was procedurally improper for Plaintiff to move for

entry of default judgment without first obtaining an entry of default from the clerk."); *Heard v. Caruso*, 351 F. App'x 1, 15-16 (6th Cir. 2009).

Plaintiffs did not seek an entry of default by the Clerk against any of the three Defendants against whom they seek default judgment. Therefore, the motions for default judgment are procedurally improper. Nevertheless, I direct the Clerk to consider Plaintiffs' motions for default judgment and supporting exhibits to constitute Plaintiffs' applications for an entry of default as to each of these Defendants. I conclude this is proper because the arguments and citations included in the motions address only whether these Defendants have "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). This is sufficient for to justify an entry of default but not a default judgment.

When considering a motion for default judgment "the well-pleaded factual allegations of the complaint are accepted as true for the purpose of determining liability, [but] the Court must still determine whether those facts are sufficient to state a claim for relief with respect to plaintiff's claims … for which the plaintiff seeks default judgment." *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016).

Therefore, a plaintiff seeking default judgment must at least identify allegations in the complaint that sufficiently state a claim for relief and offer some development of legal arguments in support of default judgment. *See, e.g., Grover v. BMW of N. Am., LLC*, 581 F. Supp. 3d 930, 950 (N.D. Ohio 2022) ("[T]he Court 'is in the business of resolving the legal arguments presented to it, not in creating a party's inferred argument for him and then passing judgment on it.'") (quoting *Lyon v. Yellow Transp., Inc.*, No. 2:08-cv-464, 2009 WL 1604807, at *15 (S.D. Ohio June 8, 2009), *aff'd* 379 F. App'x 452 (6th Cir. 2010)). Because Plaintiffs fail to identify any facts in the Complaint or state any legal argument in supporting default judgment of any claim, their motions would be denied as substantively deficient if they were considered as motions for default judgment rather than applications for entries of default.

Should the Clerk grant Plaintiffs' applications and enter default as to any or all of the Defendants identified, I order the parties to proceed as follows:

1.) Within fourteen (14) days of an entry of default, Allstate, who has appeared since Plaintiffs filed their motion for default, (*see* Doc. Nos. 32, 33, 34, and 35), shall file a motion to set aside the entry of default for good cause.  *See* Fed. R. Civ. P. 55(c). Plaintiffs may file a brief in opposition within fourteen (14) days of such a motion, and Allstate shall file its reply within seven (7) days of Plaintiffs' opposition.  No brief related to this matter may exceed ten (10) pages in length.

2.) Within thirty (30) days of an entry of default, Plaintiffs shall file an omnibus motion for default judgment of any claims against any Defendant, who is in default and is not seeking to set aside that entry.  For example, if Allstate files a motion to side aside an entry of default, Plaintiffs should not move for default judgment of any claims against Allstate.  Plaintiffs' motion may not exceed twenty (20) pages in length and must at least identify allegations in the complaint that sufficiently state a claim for relief and offer some development of legal arguments in support of default judgment, as discussed above.

**B.     MOTION FOR ADDITIONAL TIME TO SERVE**

Remaining is Plaintiffs' motion for "additional time" to serve Canadian Defendants Speedway Trans Express, Inc., Jagdeep Singh Chohan, and Can-Ex Group Logistics, Inc.[1]  (Doc. No. 29).  In support of this motion, Plaintiffs attached exhibits indicating they have asked Canadian authorities to complete Hague service on these three Defendants and are waiting for them to do so. (Doc. Nos. 29-1 and 29-2).  The exhibit related to Speedway specifically shows service has been

---

[1] Plaintiffs filed an initial motion on April 1, 2025, (Doc. No. 27), and an amended motion on April 8, 2025.  (Doc. No. 29).  In the interest of efficiency, I consider only the amended motion and deny as moot the April 1, 2025 motion.

attempted unsuccessfully at an address in Alberta and an address in Nova Scotia, but remains outstanding as to a final address in Ontario.  (Doc. No. 29-2).

Based on the evidence presented, I conclude my March 18, 2025 Order requiring Plaintiffs to show cause for the delay in serving these Defendants has been satisfied.  (*See* Doc. No. 24 at 1).  I also conclude good cause exists to grant Plaintiffs some additional time to serve these Defendants.  But I decline to adopt their proposal to order that only a status update be provided in sixty (60) days.  (*See* Doc. No. 29-3).

While I appreciate that service in a foreign country can come with delays that are beyond Plaintiffs' control, this case was filed more than six months ago and cannot remain effectively stayed indefinitely while waiting for Canadian authorities to serve the remaining Defendants via the methods Plaintiffs are currently pursuing.  Therefore, rather than require Plaintiffs to provide only a status update in sixty (60) days, I order that if Defendants have not been served via the methods Plaintiff is currently pursuing within sixty (60) days of this Order, Plaintiffs shall show cause as to why no other method may be utilized to properly serve Defendants.  If Plaintiffs identify an alternate method or methods, they shall propose a reasonable deadline by which service may be perfected via that method or methods.

As a final note, I urge counsel for the Defendants who have appeared in this action to aid Plaintiffs' counsel in any manner possible to expedite service on the remaining three unserved Defendants.  Though the burden of proper service remains Plaintiffs', it is in the interest of all that this case proceeds.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge