UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Michella McCartney, *et al.*, | Case No.  3:24-cv-1651 |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION<br>AND ORDER |
| Speedway Trans Express Inc., *et al.,* | |
| Defendants. | |

## I.  INTRODUCTION

Before me are the motions of Plaintiffs Michella McCartney and Weldon Shon Richie for

default judgment against Defendants Jagdeep Singh Chohan ("Chohan"), Speedway Trans Express

Inc., CAN-EX Group Logistics Inc., Vault Credit Corporation, and KG dba Kuthala Group

("Kuthala Group").[1]  (Doc. No. 46); (Doc. No. 51).  The Clerk of Court previously entered default

against these Defendants.  (*See* Doc. Nos. 38 and 50).  For the reasons stated below, I grant in part

and deny in part Plaintiffs' motion for default judgment.

## II.  BACKGROUND

On October 21, 2022, Richie was operating a tractor-trailer on Interstate 75 in Eagle

Township, Hancock County, Ohio.  (Doc. No. 1 at 5).  McCartney was a passenger in Richie's

vehicle.  (*Id.*).  At the same time, Chohan was operating a tractor-trailer traveling behind Plaintiffs.

(*Id.*).  Chohan rear-ended a tractor-trailer immediately in front of him, causing that vehicle to collide

---

[1] For brevity, I refer to Defendants Speedway Trans Express Inc., CAN-EX Group Logistics Inc.,
Vault Credit Corporation, and Kuthala Group collectively as the "Corporate Defendants."

with Plaintiffs' tractor-trailer.  (*Id.*)  As a result, Plaintiffs suffered severe and permanent injuries, requiring medical treatment.  (*Id.* at 7-8).

At the time of the accident, Chohan's vehicle displayed placards belonging to CAN-EX and the tractor was registered to Speedway Trans Express.  (*Id.* at 5).  Kuthala Group, Vault Credit, or both, owned or leased the trailer.  (*Id.* at 6).  Plaintiffs allege Chohan was working for the Corporate Defendants at the time of the accident.  (*Id.* at 6).

Plaintiffs initiated this suit on September 26, 2024, asserting claims against Chohan and the Corporate Defendants, as well as multiple insurance companies.  (*Id.* at 1-3).  They bring claims for negligence, negligence per se, vicarious liability, and joint venture liability, and seek a declaratory judgment regarding the obligations of the insurance companies under various policies.  (*Id.* at 6-25). Plaintiffs now seek entry of default judgment against Chohan and the Corporate Defendants as to liability and seek an evidentiary hearing to determine damages.[2]  (Doc. No 46 at 12); (Doc. No. 51 at 14).

### III.  DISCUSSION

"'Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint.'"  *Poskovic v. D2 Mgmt., LLC*, No. 5:19-cv-1222, 2019 WL 6727098, at *1 (N.D. Ohio Dec. 11, 2019) (quoting *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006)).  While the factual allegations relating to liability are taken as true, the court must still determine whether those facts are sufficient to state a claim for relief.  *Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016).  And if the plaintiff has successfully stated

---

[2] Plaintiffs also assert claims against multiple "John Doe" defendants. Plaintiffs do not seek—nor would it be appropriate for me to grant—an entry of default judgment against unidentified John Doe defendants.  *See Checkpoint Sys., Inc. v. Castleton Enters., Inc.*, No. 5:10-CV-128, 2010 WL 1742104, at *2 (N.D. Ohio Apr. 29, 2010) (noting that entry of default judgment against unidentified defendants is improper) (further citations omitted).

one or more claims for relief, the court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (explaining that because the allegations in the complaint with respect to damages are not deemed true, "[t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.") (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)) (further citation and quotation marks omitted).

## A.     NEGLIGENCE AND NEGLIGENCE PER SE – CHOHAN

Plaintiffs assert claims for negligence and negligence per se[3] against Chohan, alleging that he "operated his tractor[-]trailer in an unsafe condition; drove at a speed that was too fast for the conditions; refused to maintain an assured clear distance[;] and was otherwise negligen[t] and, consequently, he crashed into a tractor[-]trailer, which then crashed into the vehicle the Plaintiffs were traveling in." (Doc. No. 1 at 6).  Plaintiffs further claim that Chohan "violated state and federal statutes and regulations," and so, was negligent per se.  (Doc. No. 1 at 8).

First, negligence per se is not an independent cause of action under Ohio law. *See e.g.*, *Knox v. Corecivic Inc.*, No. 4:25-cv-105, 2025 WL 1556549, at *6 (N.D. Ohio June 2, 2025) (citing *Grimberg v. Blackbird Banking Co.*, 208 N.E.3d 111, 120 (Ohio Ct. App. 2023)).  Thus, I deny Plaintiffs'

---

[3] Because this case is before me based on diversity jurisdiction, I must apply the choice of law rules of the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  The Supreme Court of Ohio "has adopted the Restatement (Second) of Conflict of Law for torts which states that the analysis begins with a presumption 'that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit.'" *Hurst v. Est. of Ziriada*, No. 5:11CV00667, 2013 WL 2153281, at *5 (N.D. Ohio May 15, 2013) (quoting *Morgan v. Biro Mfg. Co., Inc.*, 474 N.E. 2d 286, 289 (Ohio 1984)).  While neither Plaintiffs nor Defendants are citizens of Ohio, the accident occurred in Ohio, Plaintiffs cite Ohio case law in their filings, and no party has argued that another state has a more significant relationship to the lawsuit.  Thus, I will apply Ohio law when considering the sufficiency of Plaintiffs' state-law claims. *Hurst*, 2013 WL 2153281, at *6 (applying Ohio law, in part, because parties relied solely on Ohio law in their filings and "the parties do not dispute that Ohio law applies.") (citations omitted).

negligence per se claim as a matter of law, but I will consider Plaintiffs' theory of negligence per se as a component of their broader negligence claim.

Under Ohio law, a negligence claim requires proof that: (1) the defendant owed the plaintiff a legal duty; (2) the defendant breached that duty; and (3) the breach of duty was the proximate cause of the plaintiff's injuries. *Wallace v. Ohio Dep't of Com.*, 773 N.E.2d 1018, 1025-26 (Ohio 2002) (citation omitted). "If a statute sets forth a positive and definite standard of care, a violation of the statute constitutes negligence per se, and that violation conclusively proves that the defendant has violated a duty to the plaintiff." *Mann v. Northgate Invs., L.L.C.*, 5 N.E.3d 594, 601 (Ohio 2014).

Plaintiffs base their negligence per se theory, in part, on Chohan's alleged violations of 49 C.F.R. §§ 350 to 399—the Federal Motor Carrier Safety Regulations ("FMCSR"). (Doc. No. 1 at 8). But violations of administrative rules and regulations—including the FMCSR—cannot serve as the basis of negligence per se. *Ok Yeon Yoon v. K-Ltd. Carrier, Ltd.*, No. 3:17CV2517; No. 3:18CV649, 2020 WL 1031486, at *6-7 (N.D. Ohio Mar. 3, 2020) (citing *Chambers v. St. Mary's Sch.*, 697 N.E.2d 198, 202-203 (Ohio 1998)). *See also Parker v. Miller*, No. 2:16-cv-1143, 2018 WL 3743981, at *7 (S.D. Ohio Aug. 7, 2018) ("Ohio law does not recognize negligence per se based on the violation of an administrative regulation.").

While Plaintiffs allege that Chohan violated state statutes, they fail to identify a specific statute that supports a negligence per se theory. (Doc. No. 1 at 8). That said, the pleaded facts, taken as true, sufficiently establish a violation of Ohio Revised Code § 4511.21(A), which "constitutes negligence per se." *Pond v. Leslein*, 647 N.E.2d 477, 479 (Ohio 1995).

Section 4511.21(A) demands that "no person shall drive any motor vehicle . . . upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead." Ohio Rev. Code § 4511.21(A). A person violates the statute if "there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel,

4

(2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible." *Pond*, 647 N.E.2d at 478 (quoting *Blair v. Goff-Kirby Co.*, 358 N.E.2d 634, 636 (Ohio 1976)) (further citations omitted).

Plaintiffs claim they were traveling ahead of Chohan on Interstate 75 and that Chohan failed to maintain an assured clear distance. (Doc. No. 1 at 5-6). These well-pleaded factual allegations, taken as true, demonstrate Chohan violated § 4511.21(A) and establish Chohan breached a legal duty he owed to Plaintiffs. *See Ford Motor Co. v. Cross*, 441 F. Supp. 2d 868, 846 (E.D. Mich. 2006) ("Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint.") (citing *Visioneering Constr. v. U.S. Fid. and Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)).

The well-pleaded facts also establish Chohan's conduct was the proximate cause of Plaintiffs' injuries. Under Ohio law, "a party's negligence is a proximate cause of an injury if the injury is a natural and foreseeable result of the party's act or failure to act." *Wheeler v. Estes Exp. Lines*, 53 F. Supp. 3d 1032, 1040 (N.D. Ohio 2014) (citing *Brott Mardis & Co. v. Camp*, 768 N.E.2d 1191, 1194 (Ohio Ct. App. 2001)). By failing to respond to the Complaint, Chohan admits to driving too fast for the conditions and failing to maintain an assured clear distance prior to the crash. Because an injury-causing collision is a foreseeable consequence of this failure, Plaintiffs have sufficiently established proximate cause. Thus, I grant Plaintiffs' motion for default judgment as to the first cause of action.

## B.    VICARIOUS LIABILITY

Under Ohio law, an employer is vicariously liable for the tortious conduct of its employee if "the employer delegates a course of action to the employee and the employee then commits a tortious act while acting within the scope of his employment as to the delegated course of action." *Clawson v. Heights Chiropractic Physicians, L.L.C.*, 214 N.E.3d 540, 543 (Ohio 2022) (citation omitted).

At the time of the accident, Plaintiffs allege that Chohan was operating a tractor registered to Speedway Trans Express, pulling a trailer owned or leased by Kuthala Group, Vault Credit, or both, and displaying CAN-EX placards.  (Doc. No. 1 at 5-6).  Plaintiffs also state that "[a]t all relevant times, [Chohan] was either [the Corporate Defendants'] agent, employee, servant and/or independent contractor and was acting within the course and scope of his employment, under the direct control of the [Corporate Defendants]."  (*Id.* at 9-12).  Taken as true, these allegations sufficiently establish that Chohan was an employee of the Corporate Defendants, acting in the scope of his employment at the time of the accident.  Thus, Plaintiffs are entitled to default judgment on their vicarious liability claims.

## C.    NEGLIGENCE, NEGLIGENCE PER SE, AND NEGLIGENT LEASING – CORPORATE DEFENDANTS

In causes of action seven through eighteen, Plaintiffs bring negligence claims against the Corporate Defendants under theories of direct negligence, negligence per se, and negligent leasing.[4] (Doc. No. 1 at 12-19).  They allege the Corporate Defendants negligently entrusted Chohan with the tractor-trailer and "knew or should have known that [Chohan] was unskilled and/or incompetent to operate a motor vehicle."  (*Id.* at 7).  Plaintiffs also assert the Corporate Defendants "had a duty to act reasonably in hiring and retaining [Chohan], and to adopt and enforce policies, procedures, and rules to ensure that its driver(s) acted, and its vehicle(s) were operated and maintained, safely."  (*Id.* at 12-14).

### 1.  Negligence per se

As noted above, Ohio does not recognize negligence per se as an independent cause of action.  *Grimberg*, 208 N.E.3d at 120.  Thus, I deny default judgment on Plaintiffs' negligence per se

---

[4] Plaintiffs list a "Thirteenth Cause of Action" twice.  (Doc. No. 1 at 16).  Also, Plaintiffs omit a seventeenth cause of action.  (*Id.* at 18-19).

causes of action as a matter of law, but will consider the theory as it pertains to Plaintiffs' broader direct negligence claims.

Plaintiffs allege the Corporate Defendants "violated—and encouraged defendant driver to violate—state and federal statutes and regulations," and, consequentially, are negligent per se. (*Id.* at 15-17). Plaintiffs fail to identify which statutes the Corporate Defendants allegedly violated.

That said, the FMCSR states, "No person shall aid, abet, encourage or require a motor carrier or its employees to violate the rules of this chapter." 49 C.F.R. § 390.13. Ohio Administrative Code § 4901:2-5-03(A) incorporates 49 C.F.R. § 390.13. But, as discussed above, violations of the FMCSR do not establish negligence per se. *Ok Yeon Yoon*, 2020 WL 1031486, at *6-7. And Ohio appellate courts have reached the same conclusion about violations of the Ohio Administrative Code. *Ohio Tpk. and Infrastructure Comm'n v. Vlasach*, 120 N.E.3d 105, 111 (Ohio Ct. App. 2018) (holding that "violations of the Ohio Administrative Code do not constitute negligence per se as negligence per se deals with violations of statutes") (citations omitted).

Additionally, "it is insufficient for the plaintiff merely to prove the defendant violated a statute and that the violation resulted in harm to the plaintiff. Rather, the plaintiff must demonstrate that the duty set forth in the statute was imposed for the plaintiff's benefit to prevent the harm that ultimately resulted." *Smrtka v. Boote*, 88 N.E.3d 465, 474 (Ohio Ct. App. 2017) (internal citation omitted). Plaintiffs fail to point to a specified statutory violation, or establish that the duty set forth in that statute was imposed to prevent the specific harm alleged. Thus, I conclude Plaintiffs' negligence per se theory does not entitle them to relief.

### 2. Negligent entrustment

To state a claim for negligent entrustment, the plaintiff must establish "'that the owner of the automobile had knowledge of the driver's incompetence, inexperience[,] or reckless tendency as an operator, or that the owner, in the exercise of ordinary care, should have known thereof from

7

facts and circumstances with which he was acquainted.'" *Schneider Nat'l Carriers, Inc. v. B 1st Logistics LLC*, No. 3:24-CV-503, 2025 WL 696800, at *2 (N.D. Ohio Mar. 4, 2025) (citing *Maeder v. Hale*, 2012-Ohio-2, 2012 WL 8708, at *1 (Ohio Ct. App. Jan. 2, 2012)) (further quoting *Mt. Nebo Baptist Church v. Cleveland Crafts Co.*, 93 N.E.2d 668, 668-69 (Ohio 1950)) (alternation by *Schneider*).  *See also Williamson v. Eclipse Motor Lines, Inc.,* 62 N.E.2d 339, syllabus (Ohio 1945) (holding that to establish a claim for negligent entrustment, the injured party must show "by competent evidence that the owner had knowledge of the driver's incompetence, inexperience or reckless tendency as an operator, or that the owner, in the exercise of ordinary care, should have known thereof from facts and circumstances with which he was acquainted").

While Plaintiffs allege the Corporate Defendants negligently entrusted Chohan with the tractor-trailer and "knew or should have known that [Chohan] was unskilled and/or incompetent to operate a motor vehicle," (Doc. No. 1 at 7), they provide no factual support for this assertion.  The Complaint does not contain allegations showing that the Corporate Defendants knew or should have known Chohan could not be trusted as a driver, such as prior traffic violations, past tortious conduct, or any other historical indicators of incompetence that might have put the Corporate Defendants on notice of his lack of skill in operating a tractor-trailer.

Absent such well-pleaded facts, I conclude Plaintiffs have failed to establish that the Corporate Defendants could have foreseen Chohan's tortious conduct.  Thus, Plaintiffs have not shown they are entitled to a default judgment on their negligent entrustment claims.  *See McLaughlin v. Residential Commc'ns, Inc.*, 924 N.E.2d 891, 896 (Ohio Ct. App. 2009) (concluding that the plaintiff failed to establish claim for negligent entrustment where record contained no evidence indicating owner of commercial vehicle knew of driver's incompetence).

### 3. Negligent hiring, retention, training, or supervision

For similar reasons, I conclude Plaintiffs have failed to assert a claim for negligent hiring, retention, training, or supervision.

Under Ohio law, to establish a claim for negligent hiring, retention, training, or supervision, a plaintiff must establish "1) the existence of an employment relationship; 2) the employee's incompetence; 3) the employer's actual or constructive knowledge of that incompetence; 4) the employee's act or omission that caused the plaintiff's injuries; and 5) the employer's negligence in hiring, retaining, training, or supervising the employee proximately caused the plaintiff's injures." *Herndon v. Torres*, 249 F. Supp. 3d 878, 887 (N.D. Ohio 2017) (citing *Sygula v. Regency Hosp. of Cleveland E.*, 64 N.E.3d 458, 471 (Ohio Ct. App. 2016)). When it comes to claims of negligent hiring, retention, or supervision, "'foreseeability [is] the test of employer liability.'" *Hout v. City of Mansfield*, 550 F. Supp. 2d 701, 745 (N.D. Ohio 2008) (quoting *Dawson v. Airtouch Cellular*, 42 F. Supp. 2d 767, 772 (S.D. Ohio 1999)) (other citation omitted) (alterations by *Hout*).

Because Plaintiffs fail to plead facts establishing the Corporate Defendants knew or had reason to know of Chohan's incompetence or might have foreseen his tortious conduct, I conclude any claim for negligent hiring, retention, training, or supervision fails. *See Wen v. Schneider Nat'l Carriers, Inc.*, No. 3:24 CV 746, 2025 WL 1425799, at *5 (N.D. Ohio May 16, 2025) (holding that the allegation the defendant "knew or should have known" of its driver's mental and physical unfitness to operate a tractor-trailer was a mere legal conclusion, insufficient to state a claim for direct negligence.); *see also Herndon*, 249 F. Supp. 3d at 889 (determining employer's conduct was not the proximate cause of injuries where there was no evidence employer could have foreseen employee's tortious conduct).

Further, while Plaintiffs allege the Corporate Defendants failed to implement proper safety procedures, the Complaint neither identifies the missing policies nor establishes that this failure was

9

the proximate cause of Plaintiffs' injuries. (Doc 1 at 12-14). Consequentially, there is no basis for default judgment on these grounds.

### 4. Negligent maintenance or inspection

Although Plaintiffs do not meaningfully develop a negligence claim based on the Corporate Defendants' alleged failure to maintain or inspect the tractor-trailer, they do allege Corporate Defendants had a duty to ensure "its vehicle(s) were operated and maintained [ ] safely." (Doc. No. 1 at 12-14, 17-19). Plaintiffs also allege that, at the time of the accident, Chohan was "driving an unsafe vehicle." (*Id.* at 8).

To establish a negligence claim based on these allegations, Plaintiffs must plead facts establishing the Corporate Defendants breached their duty of care by failing to maintain or inspect the tractor-trailer and that the breach was the proximate cause of Plaintiffs' injuries. *See Wallace*, 773 N.E.2d at 1025-26. But the Complaint is devoid of facts showing the Corporate Defendants failed to inspect the vehicle, neglected a known repair issue, or otherwise breached their duty. Further, Plaintiffs offer no facts showing a direct causal link between the Corporate Defendants' alleged failure to maintain or inspect the tractor-trailer and Plaintiffs' injuries. Nor do they establish that a reasonable inspection might have prevented the collision. Thus, I decline to grant default judgment on these grounds. *See Jones v. Praxair, Inc.*, No. 3:15-cv-277, 2016 WL 3582128, at *3 (S.D. Ohio June 28, 2016) (holding that a "conclusory allegation" that the defendant "failed to use ordinary care in the maintenance and repair of its commercial motor vehicle" did not state a claim for negligence, absent evidence that a mechanical defect contributed to the accident).

### 5. Negligent leasing

Plaintiffs' claims alleging "negligence in leasing" are nearly identical to their previous "direct negligence" allegations. (Doc. No. 1 at 17-19). They allege the Corporate Defendants "had a duty to act reasonably in leasing to [Chohan], and to adopt and enforce policies, procedures, and rules to

ensure that its driver(s) acted, and its vehicle was operated and maintained, safely." (*Id.*). Plaintiffs cite no authority establishing "negligence in leasing" as an independent cause of action under Ohio law.

Further, Plaintiffs' "negligence in leasing" claims are duplicative of their direct negligence claims. *See Moran v. Ruan Logistics*, No. 1:18-cv-223, 2018 WL 4491376, at *6 (S.D. Ohio Sept. 19, 2018) (dismissing a "negligent leasing" claim where plaintiff failed to establish that Ohio recognized the cause of action, and admitted the claim was "nothing more than negligent entrustment."); *cf. Zetter v. Griffith Aviation, Inc.*, No. 6:03-218-DCR, 2006 WL 1117678, at *15 (E.D. Ky. Apr. 25, 2006) (noting that Kentucky law has no independent cause of action for "negligent leasing," and that the claim was "likely subsumed into plaintiffs' other causes of action, including negligent entrustment and negligent maintenance.")[5]. Thus, for the above reasons, I deny Plaintiffs' motion for default judgment for negligence in leasing.

## D.    JOINT VENTURE

In their final cause of action, Plaintiffs allege that the Corporate Defendants were business partners, joint venturers, or a joint enterprise sharing resources for profit. (Doc. No. 1 at 20). They further claim the Corporate Defendants acted as agents, lessees, or alter egos of one another. (*Id.*). Plaintiffs thus argue that each Corporate Defendant is liable for its own negligence in hiring, training, and supervision, as well as for the acts of the other Defendants under common law and Ohio Revised Code §§ 177.35 and 1776.36. (*Id.*).

---

[5] While *Zetter v. Griffith Aviation, Inc.*, addresses Kentucky law, the elements of the claim are substantially similar to Ohio law. Under Kentucky law, "the owner [of a vehicle] is liable if he knows, or under the facts known to him in the exercise of ordinary care should know, that the person driving the car is incompetent to drive it." *Owensboro Undertaking & Livery Ass'n v. Henderson*, 115 S.W.2d 563, 564 (Ky. 1938). The pivotal issue is whether the property owner knew or should have known that entrusting the property to another created an unreasonable risk. *See Hercules Powder Co. v. Hicks*, 453 S.W.2d 583, 587 (Ky. 1970).

In their memorandum supporting default judgment, Plaintiffs develop only a joint venture claim. (Doc. No. 46 at 11); (*see also* Doc. No. 51 at 13). They assert the Corporate Defendants "were in a joint enterprise sharing resources to advance a common purpose of earning profits in transportation." (*Id.*). I conclude that these statements are conclusory allegations and legal conclusions, and do not establish the Corporate Defendants were joint venturers. *See Bricker v. R & A Pizza Inc.*, 804 F. Supp. 2d 615, 621-22 (S.D. Ohio 2011) (observing that complaint needed "factual enhancement" beyond conclusory statement and legal conclusion that defendants were involved in a joint venture.)

To establish a joint venture under Ohio law, a plaintiff must prove: "(1) a joint contract, either express or implied, to engage in a specific business enterprise; (2) an intention to associate as joint venturers; (3) a community of interest and joint control; and (4) an agreement to share jointly and severally in profits and losses." *Howard, Adm'r of the Est. of Sean David Howard, Sr. v. Szoda*, 224 N.E.3d 1259, 1262 (Ohio Ct. App. 2023) (citing *Ford v. McCue*, 127 N.E.2d 209 (1955)).

Plaintiffs offer no facts supporting the existence of an express or implied contract between the Corporate Defendants. Nor do they provide facts showing the Corporate Defendants intended to associate as joint venturers or agreed to share jointly and severally in profits and losses. Thus, Plaintiffs fail to establish Corporate Defendants in fact were joint venturers and are not entitled to default judgment on this claim.

That said, because Plaintiffs have successfully established the Corporate Defendants are vicariously liable for Chohan's negligent conduct, each defendant may be held jointly and severally liable for the economic damages incurred. *See* Ohio Rev. Code §§ 2307.24(B); 2307.241; 2307.25.

## IV.    CONCLUSION

For the reasons discussed above, I grant in part and deny in part Plaintiffs' motion for default judgment. I enter default judgment against Defendant Jagdeep Singh Chohan on Plaintiffs'

negligence claim, but deny the motion as to Plaintiffs' negligence per se claim. I enter default judgment against Defendants CAN-EX Group Logistics Inc., Speedway Trans Express Inc., Kuthala Group, and Vault Credit Corporation on Plaintiffs' vicarious liability claims but deny the motion as to Plaintiffs' negligence, negligence per se, negligence in leasing, and joint venture liability claims. An evidentiary hearing to determine the amount of damages due will be set by a later Order.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

13